IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY E. RATHEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 1:09cv872-TFM** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant's *Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust Her Administrative Remedies* (Doc. 12, filed January 15, 2010), and *Plaintiff's Response* (Doc. 13, filed January 20, 2010).  Defendant's motion argues that Plaintiff's failure to exhaust administrative appeal remedies with respect to her claim for benefits under the Social Security Act deprives this Court of jurisdiction, and consequently, dismissal is appropriate.

## BACKGROUND

Plaintiff Mary Rathel ("Plaintiff" or "Rathel") applied for disability insurance benefits pursuant to Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401, *et seq.*, and for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.*  Her application was denied in administrative proceedings and she appealed the unfavorable decision to this Court.  On October, 24, 2007, this Court remanded her case for further proceedings before the Social Security Administration

(SSA).  *See Cox v. Astrue*, 1:07cv124 (CSC).  Doc. 12-2, at 19.  On May 12, 2009, an administrative law judge decision again denied benefits to Plaintiff.  Doc. 12-2, at 37.  On June 23, 2009, Plaintiff, through counsel, sought Appeals Council review of the Administrative Law Judge's decision.   Doc. 12-2, at 49.  The Appeals Council has not completed action on the request.

Rathel filed this action on September 14, 2009.  Doc. 1.  Her Complaint referenced her June 23, 2009, request for Appeals Council review, but explained that the instant action was commenced due to a lack of response from the Appeals Council, and  "fears that [it] will be precluded if not filed at this time."   Rathel also stated that she "has exhausted her administrative remedies and is entitled to review by this Court of the Commissioner's final decision denying the Plaintiff's application for disability under the Social Security Act."  Doc. 1, at ¶¶ 12-13.

Rathel's *Response* to the motion to dismiss avers this action is timely filed pursuant to the language in the decision of May 12, 2009, which she claims directed her to file "exceptions within 30 days or file a new civil action between the 61st and 121st days after the date of this notice."  Doc. 13, at ¶ 1.  The *Response* asks that this case be placed on this Court's administrative docket should it find a failure to exhaust all administrative appeal remedies.

## DISCUSSION

It is well settled that, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994).   The provision which allows this Court to review adverse

administrative decisions by the Commissioner of the Social Security Administration (the

"Commissioner"), a federal agency, is found at 42 U.S.C. § 405(g), which provides

> Any individual, after any *final decision* of the Commissioner of Social
> Security made after a hearing to which he was a party, irrespective of the
> amount in controversy, may obtain a review of such decision by a civil
> action commenced within sixty days after the mailing to him of notice of
> such decision or within such further time as the Commissioner of Social
> Security may allow.

(emphasis added). The succeeding statutory provision, § 405(h), provides "[N]o

findings of fact or decision of the Commissioner of Social Security shall be reviewed by

any person, tribunal, or governmental agency except as herein provided." This provision

reinforces Congressional intent that § 405(g) is the "exclusive grant of jurisdiction with

respect to federal court claims challenging the Secretary's administrative actions on

disability claims." *Stone v. Heckler*, 778 F.2d 645, 647 n.4 (11th Cir. 1985). Finally, the

doctrine of sovereign immunity dictates that all requirements for judicial review set forth

in § 405(g) must be satisfied. *See United States v. Dalm*, 494 U.S. 596, 608(1990).

Although the Act does not define "final decision," the Commissioner has

exercised his administrative authority to give meaning to the term through regulations, as

authorized by the Act. *See* 42 U.C.C. § 405(a) ("The Commissioner of Social Security

shall have full power and authority to make rules and regulations . . . which are necessary

or appropriate . . . ."). Social Security regulations provide that, if the Appeals Council

grants review of a claim, then the decision by the Council becomes the Commissioner's

final decision. If, on the other hand, the Council denies the request for review, the ALJ's

adverse decision becomes the final decision. *See* 20 C.F.R. §§ 404.900(a)(4-5), 404.955,

404.981, 422.210(a); *see also Waters v. Massanari,* 184 F.Supp.2d 1333, 1337-38 (N.D. Ga. 2001).

Rathel requested an Appeals Council review of the ALJ's adverse decision of May 12, 2009.  Regulations at 20 C.F.R. § 404.981 give the Appeals Council discretion to "deny a party's request for review or . . . decide to review a case and make a decision." Further, this provision specifies that the "Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court" within 60 days of receiving notice of the Appeals Council's action.  As of January 5, 2010, the Appeals Council had not acted on the request for review. *See* Affidavit of Earnest Baskerville, Doc. 12-2, at 3.  As explained above, granting review would mean the Council's eventual decision would become the "final decision," and denial would render the ALJ's decision "final" for administrative purposes.  Pursuant to the regulatory scheme, then, there was no final decision due to the lack of action by the Appeals Council.

The Complaint set forth that Rathel sought judicial review even though the Appeals Council had not decided whether to grant or deny her request for review, and that the filing was intended to avoid possible preclusion due to the passage of time.  Doc. 1, at ¶ 12.  Rathel went on to conclude she had exhausted her administrative remedies and was "entitled to review by this Court of the Commissioner's final decision."  Doc. 1, at ¶ 13.  Notwithstanding the dearth of information regarding whether the Appeals Council would grant or deny review despite having filed a request almost two months prior, Rathel could not declare administrative exhaustion due to the passage of time.  The

regulations dictate when a "final decision" is rendered for purposes of judicial review, and the alternative events which trigger finality, *i.e.*, Appeals Council decision or rejection, have not occurred.

Rathel's *Response* argues her Complaint was filed pursuant to explicit directions in the Notice of Unfavorable Decision mailed to her on May 12, 2009.  A review of that document is necessary to show why she is wrong.  The Notice spelled out three courses of possible action.  Doc. 12-2, at 34-35.  The first is titled "If You Disagree With The Decision," and has instructions for seeking Appeals Council review.  This section also reflects the regulatory scheme under which a denial of review transforms the ALJ decision into the "final decision" if the Appeals Council does not change the ALJ's decision.  The second possible course, titled "If You Do Not File Written Exceptions," explains how, if no request for Appeals Council review is filed, the ALJ decision becomes the final decision 61 days after the date of notice.  A claimant then has 60 days to file a civil action in federal district court to obtain review of the ALJ decision.  Rathel requested review on June 23, 2009, forty-two days after the notice.  This action removed the second course from Rathel's options for judicial review, as it stopped the clock on the ALJ's decision becoming a "final decision" without action by the Appeals Council.  It is unfortunate that Rathel's June, 2009, request has not been acted upon for these six months, but the administrative limbo in which she finds herself does not constitute administrative exhaustion within the regulatory framework established by the Commissioner.

The final option, titled "New Application," warns claimants that filing a new application is likely to be less advantageous than pursuing administrative or judicial review of the attached decision, due to the risk of losing benefits.  This section concludes "[T]herefore, if you think this decision is wrong you should file your exceptions within 30 days or file a new civil action between the 61st and 121st days after the date of this notice."  Rathel cites this language as authorization for her to file a civil action on September 14, 2009.[1]  Doc. 13, at ¶ 1.  When read in context, however, it is clear that the language simply urges claimants who disagree with the Commissioner to obtain review of the unfavorable decision through administrative or judicial means.  As explained above, Rathel's request for administrative review precludes judicial review until the Appeals Council exercises its options to grant, and complete review of the ALJ decision, or to let the ALJ decision stand as the Commissioner's "final decision."  Therefore, this language did not authorize judicial review of the ALJ decision of May 12, 2009.

## CONCLUSION

Having found that there is no "final decision" of the Commissioner appropriate for judicial review pursuant to 42 U.S.C. § 405(g), this Court lacks jurisdiction to review the Plaintiff's claims for benefits.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of this Court

(1) That the Defendant's Motion to Dismiss (Doc. 12) be GRANTED, and

(2) That this case be DISMISSED without prejudice.

---

[1] Plaintiff filed her Complaint on September 14, 2009, 124 days after May 12, 2009.  Her Complaint was not timely filed under this theory of jurisdiction.

Done this 28th day of January, 2010.


                    /s/ Terry F. Moorer
                    TERRY F. MOORER
                    UNITED STATES MAGISTRATE JUDGE